MELLINGER & FORNEY v. VON BEHREN.

1. **Practice:** JUDGMENT: SUCCESSION OF JUDGES. Where a cause was heard in vacation and a written decision filed by the judge, whose term of office expired before the next sitting of court, it was held competent for his successor to cause a formal decree to be entered in accordance with such decision, without further hearing.

*Appeal from Des Moines District Court.*

WEDNESDAY, APRIL 21.

*Bremmerman & Rohde* and *J. C. Power*, for appellant.

*C. L. Poor*, for appellee.

ROTHROCK, J.—The essential facts of this case, briefly stated, are as follows: The plaintiffs and defendants were copartners in business. The plaintiffs commenced an action in equity, the object of which was to procure a settlement of the partnership, and claiming that the defendant was indebted to them in a large amount. After the issues were made up the cause was referred to a referee to hear, determine and report to the court. A protracted trial was had before the referee, and on the 9th of October, 1877, he filed his report recommending a decree in favor of the plaintiffs for $2,700, and that the costs be equally divided between the parties. The defendant filed exceptions to the report, and on January 14, 1878, the cause was again referred to the same referee to correct errors, and to hear any further evidence necessary to determine the merits of the cause. June 21, 1878, the referee filed his second report, in which it appears that a re-trial was had, which continued for several days. In his second report the referee found the balance due the plaintiffs to be $2,045.74, with interest at six per cent from September 13, 1875.

To this second report both parties filed exceptions. The

defendant's exceptions were thirty-six in number. June 28, 1878, by agreement of the parties the cause was set down by the court for hearing in vacation, on the exceptions of both parties to the report of the referee; the decree to be entered as of that term, it being then of the May term, 1878. November 16, 1878, another entry was made, as appears, by the consent of parties, by which the cause was taken under advisement to be decided in vacation. December 27, 1878, Hon. T. W. Newman, then judge of the court, filed his decision in writing, duly signed by him, in which he modified the report of the referee by making a gross finding in favor of plaintiffs for $2,100. December 31st, a decree was filed in accord with the decision of the court.

January 6, 1879, being the first day of the January term of said court, the record of the decree was read, approved and signed by Hon. A. H. Stutsman, the then judge of said court. On the next day the defendant filed objections to the filing and enrolling of the decree and judgment because "the court had no jurisdiction to sign the same, and it was, and is, improper to enroll the same for that the same was signed in vacation, and at a time not allowed by law." The cause seems to have passed over that term without further action being taken, and on July 15, 1879, the defendant filed another motion to set aside the decree because the same was rendered in vacation without the consent of the parties, and is void. These motions were presented to the court, and a decree was entered, finding that the former decree was not entered as required by law, and was, therefore, void. The decree then proceeds, according to appellant's abstract, as follows: "And the court, being fully advised in the premises, further finds that the defendant is justly indebted to the plaintiffs in the sum of $2,100, for which amount judgment is rendered."

The defendant insisted that his exceptions to the report of the referee should have been heard after the judgment was vacated, and that no further decree could be rendered until the said exceptions were heard. These exceptions were fully

heard by Hon. T. W. Newman, before the expiration of his term of office, and his finding and decision thereon was filed on the 27th day of December. Defendant insists that they should have been again heard and decided by the present incumbent of the office of judge. If there had not been a change in the presiding judge, the defendant would not likely have insisted, after he had once argued his exceptions, and had them passed upon, that he was entitled to repeat the same performance, because the decree was filed in vacation without his consent. But the court remains the same although the judges change. The court is impersonal, and if the outgoing judge was legally authorized to make the decision and file it, it was perfectly competent for the incoming judge to take up the case as he found it, and cause a formal decree to be entered in accord with the decision. This is precisely what in effect was done. Indeed, we think the court might have overruled both of the defendant's motions, and allowed the decree to stand. The record entries, made on June 28 and November 16, authorized the decree to be entered in vacation. But it seems that an issue was made as to the correctness of the record of November 16. What that issue was we are unable to determine from the abstracts in the case. It appears from the argument of one of the counsel that one of the counsel for defendant made an affidavit to the effect that he did not consent that a decree should be entered in vacation, but it nowhere appears that the record entry authorizing it to be done was expunged, nor corrected, or that the court found it was improperly made. The court found that the decree was not entered as required by law. Why the law was not complied with, in view of the previous record entries, we cannot determine.

AFFIRMED.