STATE OF IOWA, appellee, v. FRANK CHARLES GUTE, appellant.

No. 50117.

(Reported in 106 N.W.2d 417)

DECEMBER 13, 1960.

Frank Charles Gute, appellant, pro se.

Norman A. Erbe, Attorney General, Marion R. Neely and George E. Wright, Assistant Attorneys General, Evan L. Hultman, County Attorney of Black Hawk County, and John C. Beekman, Assistant County Attorney, for appellee.

OLIVER, J.—By a county attorney's information filed and

approved March 25, 1960, Frank Charles Gute was accused of the crime of breaking and entering. It charged that on or about March 23, 1960, he "did with intent to commit a public offense break and enter a shop or store where valuable things are kept for use and sale, contrary to and in violation of section 708.8 of the 1958 Code of Iowa." March 25, 1960, defendant entered a plea of guilty to the crime of breaking and entering as charged in the information. On the same day the District Court adjudged he was guilty and that he be imprisoned in the penitentiary for not to exceed ten years and pay the costs of prosecution. He has appealed.

I. Appellant contends the information was inadequate to give the District Court jurisdiction in that it failed to allege the property of any person other than defendant was involved. However, appellant made no objection to this alleged defect in the trial court. In this connection it will be observed section 769.12, Code of Iowa, 1958, provides that statutes applicable to indictments shall, as nearly as may be, apply to county attorney's informations. Code section 777.2 authorizes a demurrer to an indictment when it appears upon its face "that it does not substantially conform to the requirements" of the Code. Section 777.3 provides "all objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised before" the trial jury is sworn.

These statutes have been considered in many decisions. In State v. Gregory, 198 Iowa 316, 198 N.W. 58, an indictment for receiving bank deposits while insolvent failed to allege defendant then knew of his insolvency. In that case there was no demurrer to the indictment but the point was raised during the trial by apt objections to testimony and by motions for directed verdict. Upon appeal this court affirmed the judgment of conviction, stating defendant's knowledge of his insolvency when he received the deposits was an essential element of the offense of which he had been convicted and that the indictment should have been held bad if its failure to allege such knowledge had been challenged by demurrer, but that defendant's failure to demur to the indictment as authorized by statute (now Code

sections 777.2 and 777.3) constituted a waiver by him of his right to complain of such omission. Some other decisions which apply this rule are:

State v. Bading, 236 Iowa 468, 17 N.W.2d 804; State v. Phillips, 212 Iowa 1332, 236 N.W. 104; State v. Woodson, 244 Iowa 1262, 59 N.W.2d 556; State v. Bostwick, 244 Iowa 584, 57 N.W.2d 217; State v. Sweeney, 203 Iowa 1305, 214 N.W. 735; State v. Costello, 200 Iowa 313, 202 N.W. 212; State v. Fortunski, 200 Iowa 406, 204 N.W. 401; Harriman v. State, 2 (G. Greene) Iowa 270.

We are satisfied the rule is here applicable and that appellant may not now complain of the substance or form of the county attorney's information.

II. Appellant complains the attorney, who, at his request, was appointed by the court to represent him, "failed to make objection to the accusation by demurrer, as provided by law." The record indicates that, at the time of the appointment of the attorney for him, appellant evidenced his decision to immediately plead guilty to the charge made in the information and did so then plead. This plea admitted all the material fact averments of the information. Wallace v. Lainson, warden, 250 Iowa 854, 856, 95 N.W.2d 277. A demurrer to the information would have prevented the prompt disposition of the case, which defendant, who admitted his guilt, apparently desired. Nothing in the record supports appellant's charge that he was not properly represented by competent counsel.

III. As stated in the first paragraph hereof, the information charged defendant, "did * * * break and enter * * * contrary to and in violation of section 708.8 of the 1958 Code of Iowa." However, the judgment entry recites, "it is the sentence of the court under section 708.8, Code of Iowa, 1954 * * *." It is evident this reference to Code of Iowa, 1954, instead of 1958, was a clerical error.

Neither of these Codes was an enacted Code. Each was merely a compilation by the Code Editor of general statutes and certain rules then in effect. See page XVIII and sections 14.12 to 14.20, Code of Iowa, 1958; Article by Professor O. K. Patton in 10 Iowa Law Bulletin 1; Article by Alan Loth in Volume 3 of West's Iowa Code Annotated, pages 129 to 145.

The general statutes compiled in the Code of 1958 are those which were compiled in the Code of 1954, with changes enacted by the 1955 and 1957 legislatures. However, no changes were made in section 708.8, nor in any other section in chapter 708, all of which are identical in the Codes of 1954 and 1958. Hence, the recitation that the sentence was under section 708.8, Code of Iowa 1954, instead of Code of Iowa 1958, was not prejudicial to appellant. However, it may be corrected by the District Court upon application of appellant or appellee.—Affirmed.

All JUSTICES concur.