STATE OF IOWA, appellee, v. THOMAS FREDERICK CLARK, appellant.

No. 51752.

(Reported in 138 N.W.2d 120)

NOVEMBER 16, 1965.

REHEARING DENIED DECEMBER 13, 1965.

Thomas Frederick Clark, of Iowa City, pro se.

Lawrence F. Scalise, Attorney General, and Don R. Bennett, Assistant Attorney General, for appellee.

BECKER, J.—Defendant pleaded guilty to false making and uttering of a bank check in the amount of $40 in violation of section 713.3, Code, 1962. He assigns various errors as basis for reversal.

Defendant, a parolee on another felony charge, was arrested for a misdemeanor. While being held for the misdemeanor, this

charge was brought against him by county attorney's information. The check in question was dated November 19, 1964. County attorney's information was filed December 1, 1964, and arraignment had the same day. At arraignment the trial court determined defendant did not have counsel. Defendant requested that Marion Neely be appointed as counsel for him. This was done by the court. Arraignment was continued to December 7, 1964. Mr. Neely then asked for time to prepare. He was granted until after January 1, 1965. On January 5, 1965, the county attorney filed an application to amend the information to charge defendant with being a habitual criminal. This matter was resisted in writing by defendant, pro se, and by his counsel in an oral statement at a hearing held January 7, 1965. Application to amend the county attorney's information was allowed. Counsel then stated that he and defendant were "in basic disagreement on the procedures in this matter" and requested that he be allowed to withdraw. The court questioned the defendant who stated that he was satisfied with Mr. Neely. The court ruled that since defendant had expressed his satisfaction with Mr. Neely, he would not allow his withdrawal. Further time was afforded defendant's counsel to prepare for trial. Trial was ultimately set for January 25, 1965. On January 21, 1965, defendant and counsel appeared before the court, changed the plea from not guilty to guilty to the charge of making and uttering a false bank check, only. The court accepted the guilty plea.

At that hearing, defendant was sentenced to seven years under section 713.1, Code, 1962, conforming to the Iowa Indeterminate Sentence Act, section 789.13, Code, 1962. The court provided at Mr. Neely's request that sentence should run concurrently with the sentence for which defendant was then paroled. Defendant prepared and filed his own record and brief. His objections to the court's procedures are somewhat difficult to follow but appear to be that: the State seized a certain checkbook and record from defendant's car in his absence and without search warrant; defendant was promised he would not be prosecuted on this charge (only return to serve out the original sentence for which he was paroled); no preliminary hearing was held; no counsel was provided during investigation; no trial by jury was

allowed; it was error to allow county attorney's information to be amended; the court-appointed attorney did not ably defend him and was too busy to give him a good defense; trial court was extremely prejudiced against him; court should have let counsel resign when counsel requested permission to do so; the Habitual Criminal Act was used to force defendant into a plea of guilty; the court erred in informing the defendant it was up to the sheriff whether defendant could see his doctor before going to the penitentiary; and finally the court erred in that defendant did not waive time of sentence and the court sentenced him immediately upon the plea of guilty.

▮ I. The record is devoid of evidence indicating an illegal search and seizure, or that any checkbooks or record books of defendant were illegally obtained, or that, if so obtained, they affected the outcome of this matter. In this situation Mapp v. Ohio, 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081, 84 A. L. R. 2d 933, does not apply.

▮ II. As to the complaint that no preliminary hearing was provided, none was necessary. A county attorney's information had been filed. Chapter 769, Code, 1962, provides for proceedings under county attorney's information which are in lieu of preliminary hearing and subsequent action by the grand jury. The procedure does not contemplate a preliminary hearing.

▮ III. Complaint that no counsel was provided to defendant, that the counsel that was subsequently appointed did not ably defend him and was too busy to give him a good defense is not supported by the record. Defendant was being held on another charge. Counsel of defendant's own choosing was appointed immediately upon filing of the information. The record has been carefully reviewed. The actions of Mr. Marion Neely appear at all times to have been taken in the best interest of defendant from a background of experience and a full legal grasp of the situation. Mr. Neely is a well-known and capable attorney in Iowa City. The record contains no evidence that Mr. Neely avoided trial for any reason personal to him.

The action in connection with Mr. Neely's request to withdraw was within the court's discretion. Mr. Neely was clearly working for defendant's best interest. From the whole record, it

would appear that the advice received by defendant from Mr. Neely and the acts of Mr. Neely in his behalf were in the best tradition of the legal profession.

Defendant cites Escobedo v. Illinois, 378 U. S. 478, 84 S. Ct. 1758, 12 L. Ed.2d 977; Gideon v. Wainwright, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed.2d 799, 93 A. L. R.2d 733, and other Federal cases. All have been carefully reviewed. Defendant's conviction is not based upon any evidence illegally obtained; be it by illegal search and seizure or by illegally obtained statements, admissions or confessions. Defendant's conviction is based upon a plea of guilty made in open court, after appointment of an attorney of his own choosing, ample opportunity for consultation, and without illegal coercion or duress of any kind. Defendant's constitutional rights were fully preserved.

■ IV. Defendant's claim that no jury was allowed is not well taken. This was a plea of guilty to a charge entered into voluntarily and knowingly by defendant. He had the benefit of advice of his own attorney. He was not ignorant as to the effect of his action. Under these circumstances the plea of guilty effectively waived a jury trial.

"495. Force and effect of plea. A plea of guilty is a formal criminal pleading, a waiver of trial and defense, and a submission without contest. On its acceptance and entry by the court, a plea of guilty is a conviction, or the equivalent of a conviction, of the highest order, the effect of which is to authorize the court to proceed to judgment." 21 Am. Jur.2d, Criminal Law, section 495, page 483.

■ V. Defendant complains it was error to allow the county attorney's information to be amended to charge defendant as a habitual criminal. The county attorney being authorized by statute to file information in the first instance is, with permission of court, authorized to amend it either as to matters of substance or form. State v. Girdler, 251 Iowa 1214, 102 N.W.2d 872.

■ Defendant contends that filing of habitual criminal charges constituted coercion which forced him to plead guilty to the main charge. The county attorney properly filed a charge under the habitual criminal statute when he had gathered sufficient evidence to support such charges in court. It may be that

such charge was a factor in defendant's decision to plead guilty to the main charge and was a factor in his attorney's advice to him. The defendant himself stated in court that he had previously been convicted in Iowa on five occasions. There was no coercion. See State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255; State v. La Marr, 231 Ind. 500, 109 N.E.2d 457.

VI. The remaining complaints hinge upon actions on the day defendant pleaded guilty and was sentenced by the court. The record shows no prejudice by the trial court as contended by defendant. It indicates the trial court actually acted with judicial restraint and some compassion. The court allowed a plea of guilty and elimination of habitual criminal charges; the court asked for and, upon receiving them, respected defendant's wishes in connection with collection of some of his personal belongings, and the institution to which the mittimus would run.

The fact the court stated to defendant that his right to consult his psychiatrist would be determined by the sheriff, neither indicated prejudice nor error. It is noted that at no point in this appeal has the defendant contended that he did not, in fact, get to see his psychiatrist. Any indication that defendant intended using the psychiatrist or anything the psychiatrist might say, in connection with the court's sentencing, first appeared in this appeal. No question of defendant's mental competency was raised at trial or in this court.

The transcript shows calendar entry by the court for January 21, 1965, which reads in part as follows: "Said plea of guilty is accepted by the court without objection by the county attorney, defendant waives time of sentence and states he knows of no legal reason why judgment should not now be pronounced and none appears to the court." Defendant could, and in this case did, waive time of sentence. Bennett v. Bradley, 216 Iowa 1267, 249 N.W. 651. The entire record justifies the court's finding and subsequent action in pronouncing sentence.

We find no error.—Affirmed.

All JUSTICES concur.