State of Iowa, appellee, v. Dale Eugene Hurd, appellant.

No. 52342.

(Reported in 147 N.W.2d 895)

JANUARY 10, 1967.

REHEARING DENIED MARCH 7, 1967.

William D. Guthrie, of Webster City, for appellant.

Lawrence F. Scalise, Attorney General, David A. Elderkin, Assistant Attorney General, and Dewayne A. Knoshaug, of Clarion, for appellee.

STUART, J.—Defendant pleaded guilty to the charge of manslaughter. He was sentenced to not exceeding eight years in the penitentiary. The charge arose out of a one car automobile accident in which the defendant's wife was killed. He fled the scene. It was claimed defendant was intoxicated.

The accident occurred during the late hours of February 16, 1966. R. Ralph Austin, Clarion attorney, represented defendant at the preliminary hearing at 10 a.m. on February 17. On

February 18 a county attorney's information was filed and at a hearing at 3 p.m. the same day, defendant was arraigned, pleaded guilty and was sentenced. Mr. Austin was appointed by the court at defendant's request to represent him at these proceedings.

■ I. Defendant claims his constitutional right to due process of law was violated by the court's improvident acceptance of the guilty plea. It is urged defendant must have been in an alcoholic depression and deep shock following the death of his wife and that remorse prevented calm, intelligent and deliberate judgment in entering the plea of guilty.

Perhaps it would have been advisable to postpone the plea until a later date, but the taking of a guilty plea and the imposing of a sentence under the circumstances here did not violate defendant's right to due process of law. He was represented by competent counsel at all times and was thoroughly advised of his rights. There was no claim of coercion. Counsel made a plea for leniency following the entry of the guilty plea. The court, before sentence, addressed the defendant. The record shows:

"The court then directed the defendant to stand up and stated that he had already accepted Hurd's plea of guilty and stated that since this comes at a short time after the accident he wanted to know if Hurd was sure he wanted to have sentence pronounced at the time. The defendant answered 'Yes'. The court then inquired whether he had thought it over thoroughly and the defendant again said 'Yes'. The court asked if he had had plenty of advice from his attorney and whether he knew the possible punishment and the defendant answered in the affirmative. The court then asked if this is the procedure that the defendant desired and the defendant answered in the affirmative. The court then asked if there was any reason why the court should not pronounce sentence, and the defendant said 'No'."

If under these circumstances defendant with counsel present persists in his plea of guilty, we cannot say his constitutional rights were violated. The trial court is not required to evaluate the mental attitude of a defendant each time a guilty plea ·is

accepted. Defendant's constitutional rights were fully protected in this instance.

██ II. Defendant also urges the information did not state a crime and was void and violated his constitutional rights by not informing him of the charge against him. It is claimed the indictment did not conform to the short form provision of section 773.34 as it stated "did kill Anna Hurd" rather than "did *unlawfully* kill Anna Hurd".

We do not reach the merits of the argument as we have long held a plea of guilty waives objection to the substance, form or averments of a county attorney's information. State v. Gute, 252 Iowa 294, 296, 106 N.W.2d 417; State v. McCoy, 249 Iowa 1272, 1273, 92 N.W.2d 146; State v. Woodson, 244 Iowa 1262, 1267, 59 N.W.2d 556; State v. Bostwick, 244 Iowa 584, 588, 57 N.W.2d 217; State v. Fortunski, 200 Iowa 406, 408, 204 N.W. 401.

For the reasons stated the case is—Affirmed.

All JUSTICES concur.