STATE OF IOWA, appellee, v. CLIFFORD KULISH, appellant.

No. 52267.

(Reported in 148 N.W.2d 428)

FEBRUARY 7, 1967.

Sheridan & Sheridan, of Waukon, for appellant.

Lawrence F. Scalise, Attorney General, and Stephen C. Robinson, Assistant Attorney General, for appellee.

BECKER, J.—Defendant was charged with breaking and entering. He pled guilty and was sentenced to the Men's Reformatory for a period of not to exceed ten years. He appeals.

We are furnished with a printed abstract of the record and also have available the clerk's transcript. Certain omissions from the record will be noted. We assume these were at defense counsel's choice. We proceed on the record as made by defendant.

Clifford Kulish is 18 years old. On June 3, 1965, he signed a written statement which admitted having taken about five gallons of gas from the Farm Service Bulk Plant near Spillville, Iowa. On June 4 a preliminary information was filed in Justice of the Peace Court charging defendant with breaking and entering. Taken before Justice of the Peace, he was required to plead and pled guilty. The Justice of Peace used a judgment form entirely inappropriate to his office insofar as felonies are concerned, found defendant guilty and ordered a $1000 bond but did not attempt to sentence defendant. All of this was apparently done without benefit of advice of the county attorney.

On June 7 defendant posted bond and was released. On June 11 county attorney's information was filed in the District Court of Winneshiek County charging the same crime. Minutes of testimony were attached as provided by section 769.4, Code, 1966, and defendant was brought before the Honorable G. B. Richter. We are not provided with a copy of the court reporter's transcript of this arraignment, although defense counsel states he is sure that in accordance with usual local practice, the proceedings were reported. The court's formal order reads:

"The defendant personally appears in open court, without an attorney. The charge in this cause being a felony, the Court now appoints Donald Gloe to represent the defendant in the further proceedings in this case. Defendant states he is correctly

named, waives formal arraignment, acknowledges a copy of the Information, waives time to plead and tenders a plea of 'guilty' to the crime of breaking and entering, as charged. By questions and answers, the Court has determined that the plea entered by the defendant has been made with full understanding of the possible alternative punishments and that it has been freely and voluntarily made without threats or promises of any kind. The Court therefore accepts the defendant's plea of guilty.

"It is ordered that the time for pronouncement of sentence be fixed at 1:30 p.m., July 13, 1965, and that the Sheriff of this County make a complete investigation and submit a pre-sentence investigation report, to be available on or before the time fixed for pronouncement of sentence.

"The defendant has furnished $1000 cash in lieu of bond set by the committing magistrate, and it is ordered that the same be continued in lieu of bail of $1000 ordered upon the approval of the County Attorney's Information in this Court.

"Dated this 11th day of June, 1965. By The Court:

"G. B. Richter
Judge"

On July 9 Mr. Gloe made a claim stating that his services had been completed as court-appointed attorney. On July 13 defendant having been at liberty for over a month again appeared without an attorney before the Honorable E. B. Shaw. Judge Shaw appointed Floyd S. Pearson of Decorah, Iowa, a law partner of Donald H. Gloe, to represent defendant and proceeded to sentence defendant to ten years in the Men's Reformatory. Bond was fixed at $2000 and the prior bond released. Again we are not provided with a shorthand reporter's transcript of the actions taken on July 13, 1965.

Defendant subsequently posted the $2000 bond on September 10, 1965, was released from the Men's Reformatory pending this appeal. His present counsel is of his own choosing and is privately retained.

Defendant assigns the following errors:

1. The confession obtained on June 4, 1965, was the basis for the final judgment in this case. This confession was obtained in violation of defendant's constitutional rights.

2. It was error for the court to base the judgment finding defendant guilty on the confession that defendant gave on June 4, 1965.

3. The defendant entered a plea of guilty while one of the judges of this district was presiding and it was error for the defendant to then be found guilty and sentenced by another judge before whom his plea of guilty had not been entered. In addition to this irregularity, defendant's constitutional right was also violated.

4. The court erred in appointing a substitute attorney for the defendant on July 13, 1965, this being the date upon which the defendant was found guilty and sentenced to the penitentiary.

5. It was error for the court to sentence this boy and incarcerate him at the state penal institution at Anamosa, Iowa, for a period not to exceed ten years.

I. Defendant's conclusion that the confession obtained on June 4, 1965, was the basis for the final judgment in this case is incorrect. The basis for the final judgment in this case was the plea of guilty entered after an attorney had been appointed at the hearing on June 11, 1965.

Defendant's counsel now argues that the plea of guilty was indulged in by defendant's court-appointed attorney solely because defendant signed what is called a confession on June 4. We cannot agree with this conclusion. The minutes of evidence show statements of defendant's accomplices which clearly implicate defendant. They also show some independent evidence found by the sheriff in the form of a gas tank cover found at the scene of the break in which fit the car of one of the accomplices. The accomplice had stated that they lost the cover when they took the gasoline. Although the minutes show no more corroborating evidence this does not mean that no more such evidence was in the hands of the State. Our procedure allows the filing of additional minutes of evidence and further particulars where required, sections 769.5, 769.13 and 773.6, Code, 1966. We cannot say on this record that the court-appointed attorney advised a plea of guilty solely on the basis of defendant having signed the June 4th statement.

■ The formal requisites for a plea of guilty in this State are set out at section 777.12, Code, 1966. In connection therewith this court has said in State v. Kellison, 232 Iowa 9, 14, 4 N.W.2d 239: "In the first place, such a plea must be entirely voluntary, and not induced by fear, by misrepresentation, by persuasion, by the holding out of false hopes, nor made through inadvertence or by ignorance, 22 C. J. S. 653, section 423. And the court should satisfy itself of the voluntary character of the plea before accepting it, especially where accused is not represented by counsel and is young and inexperienced or obviously lacking in intelligence or knowledge of our spoken language. 22 C. J. S. 653, section 423."

The record indicates that all requirements were met and the plea of guilty was not entered until after an attorney had been appointed for defendant. No complaint was then made, and no complaint is now made, concerning the ability or good faith of court-appointed counsel, or the length of time afforded defendant and counsel to confer.

■ A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself. We have here no such invasion of fundamental constitutional rights as would create an exception to this rule. State v. Clark, 258 Iowa 254, 138 N.W.2d 120; 22 C. J. S., Criminal Law, section 424(6), page 1198, and 21 Am. Jur.2d, Criminal Law, section 495, page 483.

From the record it would not appear that the confession was actually used in any way against defendant. The same may be said for the proceeding before the Justice of the Peace. In that proceeding anything beyond determination of whether defendant should be bound over to await action of the grand jury, and fixing bond, would be in excess of the Justice's jurisdiction. However, this proceeding was bypassed by the filing of the county attorney's information. The State claimed nothing else for the confession or the action in Justice court.

Therefore, the defendant was not prejudiced by the actions of which he complains. The information obtained thereby was

not used against him. Any irregularity appearing from the proceeding mentioned has been waived.

II. Since the record clearly indicates that the court based its judgment on the plea of guilty, not on the confession, defendant's second claimed error must also fail.

III. Defendant's third assignment of error ignores section 604.36, Code, 1966. "The district judges may interchange and hold each other's courts." Defendant, having waived time of sentence could have been sentenced immediately. Judge Richter followed the better practice of postponing date of sentence and caused a presentence investigation to be made. The fact that the same judge was unavailable on the sentencing date did not affect defendant's rights.

"But the court remains the same although the judges change. The court is impersonal, and if the outgoing judge was legally authorized to make the decision and file it, it was perfectly competent for the incoming judge to take up the case as he found it, and cause a formal decree to be entered in accord with the decision." Mellinger & Forney v. Von Behren, 53 Iowa 374, 376, 5 N.W. 563.

IV. Defendant's fourth assignment of error concerns counsel's withdrawal from the case (by filing compensation claim) after the plea of guilty was entered but before sentencing and the court's subsequent appointment of counsel's partner. We do not approve this procedure. Having been appointed to defend this man, counsel should have followed through with his duties until final judgment. But we hold that no prejudicial error occurred. The court itself fully and adequately protected defendant's rights. Other counsel was appointed, and the court took care to inform defendant of the nature of the information and his plea. At this point nothing remained to be done but to pronounce sentence.

In this regard it must be noted that defendant had been at liberty for 37 days while the presentencing investigation was going on. There is no showing that he was without funds to hire an attorney, or that he attempted to get an attorney. Nor is there any showing that defendant did not have an attorney of his own choice during those 37 days. We must presume that

having appointed another attorney, the court gave defendant and counsel time to confer. No complaint was made as to the conduct of the hearing. We hold that the court acted reasonably and justly in proceeding to pronounce sentence.

■ V. The final problem concerns the sentence imposed. Here the court was faced with section 708.8, Code, 1966, which requires a sentence of not more than ten years or a fine not exceeding $100 and a jail sentence of not more than one year. The indeterminate sentencing act section 789.13 requires that the sentence, if it imposes a penitentiary term, shall not be fixed by the court. The term is imposed by law. State v. Hammond, 217 Iowa 227, 251 N.W. 95.

[8] The court could have imposed a fine and jail confinement, section 789.15, Code, 1966. That it elected not to do so does not affect the validity of the judgment. State v. Simpson, 254 Iowa 637, 118 N.W.2d 606.

The court had at its disposal a presentencing investigation. The report is available to us in the transcript. It is long and carefully prepared, containing statements of neighbors, former employers and citizens who knew defendant and his family. It contained numerous references to defendant's prior criminal convictions and the court's efforts at rehabilitation under prior court proceedings. The report appears to be the result of a fair and objective investigation.

■■ This court has the power and authority to reduce the punishment, section 793.18, Code, 1966, but does so only where an abuse of discretion is shown or there has been a failure to follow a specific statutory provision. State v. Simpson, supra; State v. O'Dell, 240 Iowa 1157, 39 N.W.2d 100. We also recognize that under our system the ultimate determination of the length of sentence, within the statutory maximum rests with the parole board. State v. Hixson, 208 Iowa 1233, 227 N.W. 166. Assessment of mitigating factors, including the type of crime and the age of defendant and any other pertinent factors, is for the parole board. Cave, Keener v. Haynes, 221 Iowa 1207, 268 N.W.39; State v. Davenport, 149 Iowa 294, 128 N.W. 351.

■ The record indicates that the sentence in this case was

146

not imposed without careful consideration. The trial court committed no error.

Defendant cites Miranda v. Arizona, 384 U. S. 436, 86 S. Ct. 1602, 16 L. Ed.2d 694. The Miranda case is not applicable here. The trial court arraignment and sentencing took place in the summer of 1965. See Johnson v. New Jersey, 384 U. S. 719, 86 S. Ct. 1772, 16 L. Ed.2d 882, and State v. Allison, 260 Iowa 176, 147 N.W.2d 910. For the reasons stated in Division I hereof, we do not find the other federal cases cited by defendant to be applicable.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.