STATE OF IOWA, appellee, v. ALVIN GENE ELLENBURG, appellant.

No. 52210.

(Reported in 149 N.W.2d 122)

MARCH 7, 1967.
REHEARING DENIED JULY 26, 1967.

Alvin Gene Ellenburg, pro se.

Richard C. Turner, Attorney General, for appellee.

PER CURIAM—Defendant, Alvin Gene Ellenburg, was charged by indictment with the crime of breaking and entering a drugstore at Fort Madison with intent to commit a public offense therein in violation of section 708.8, Code 1962. His brother, Paul R. Ellenburg, was also so charged.

Defendant entered a plea of not guilty but later pleaded guilty and was sentenced to an indeterminate term not exceed-

ing ten years in the men's penitentiary at Fort Madison. He has appealed.

An attorney of defendant's own choosing represented him at all times in the trial court. He was not retained for this appeal. An experienced trial lawyer in Fort Madison was appointed by the trial court to represent defendant on appeal. After study of the record the attorney was unable to find any basis for appeal and so advised defendant and the court. Defendant evidently did not request the appointment of other counsel and proceeded pro se.

This appeal has been submitted to us upon complete transcripts of all proceedings in the trial court, including a clerk's transcript of the record, the proceedings when defendant personally and by his attorney entered the plea of guilty and was sentenced.

■ We have considered like appeals recently. In State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, we say: "A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself."

See also State v. Hurd, 260 Iowa 184, 147 N.W.2d 895; State v. Kohl, 260 Iowa 308, 149 N.W.2d 198; State v. Lampson, 260 Iowa 806, 149 N.W.2d 116.

The indictment is in proper form. The minutes attached thereto clearly indicate defendant and his brother did unlawfully break and enter the drugstore as charged.

■ Defendant was given ample time and opportunity to consult his attorney before entering his guilty plea. The trial court carefully advised defendant before the plea was entered. His plea was freely and voluntarily made by defendant personally and through his attorney.

A presentence investigation was made at the instance of the trial court after the plea. Before sentence defendant and counsel were given full opportunity to show any reason why sentence should not be pronounced. None was asserted. We find no invasion of fundamental constitutional rights.

Careful study of the record reveals no error.—Affirmed.