STATE OF IOWA, appellee, v. RICHARD EDWARD KOHL, appellant.

No. 52292.

(Reported in 149 N.W.2d 198)

MARCH 7, 1967.

Donald J. Dolphin, of Manchester, for appellant.

Richard Turner, Attorney General, Stephen C. Robinson, Assistant Attorney General, and David C. Tracey, of Manchester, County Attorney, for appellee.

RAWLINGS, J.—Defendant and two companions, first charged with breaking and entering, pleaded guilty to the included offense, attempting to break and enter. Sections 708.8 and 708.10, Code 1962. Each received a sentence of not to exceed five years. Defendant alone appeals.

Having originally entered a plea of not guilty to the breaking and entering charge, he later appeared in open court, at which time his attorney stated there had been numerous conferences with the county attorney who finally agreed to recommend dismissal of the more serious charge on defendant's plea of guilty to the lesser offense.

Request was made for leave to withdraw the former plea and substitute a plea of guilty to the crime, attempting to break and enter.

The trial court then inquired as to whether defendant knew the guilty plea indicated by his attorney carried a maximum sentence of not more than five years imprisonment.

Defendant personally stated he so understood, and when asked as to his plea to the included offense answered "guilty". The question was repeated and he gave the same answer.

When the trial court asked if these defendants were ready for sentencing, their attorney requested sentence be passed at this time.

The county attorney then made the following statement:

"Your Honor, all three are involved in the same offense, and the facts are the same for all three. On or about the 6th of January, 1966, two of the defendants, Mr. Kohl and Mr. Lyons, entered the bowling alley, the Family Bowl in Manchester, Delaware County, Iowa, and made some purchases there late in the evening. They subsequently left the bowling alley and one of the attendants notified the police, the Manchester City Police, that they thought something was going wrong here, and the police proceeded to place a watch on the bowling alley, and at a time later in the evening approximately one o'clock or

thereabouts in the morning, after the alley had been closed, two of the defendants were observed crossing a field and later found within the bowling alley, and there was various loose change and money found in the area, which was believed to have been taken by the defendants, and the third defendant, Mr. Kohl, was found in the immediate area to the rear of Wallaces, Incorporated, which is a garage approximately a block and a half from the bowling alley, and this was the same car which the other two defendants had previously been described as leaving the bowling alley in, and the three were apprehended and taken into custody and subsequently charged with breaking and entering."

This statement is not disputed.

Thereupon defendant's counsel requested dismissal of the possession of burglar's tools charge then also pending against defendant to which the court agreed.

After the attorney for the three accused had addressed the court on their behalf, one of them volunteered the following rather vague statement: "Mr. Kohl was with us, naturally, but he wasn't aware of the breaking and entering until after we had left, and that he was arrested."

I. Defendant first contends his guilty plea should not have been accepted.

No claim is made to the effect he was mentally incapacitated or deficient when the plea now challenged was entered.

He apparently takes the position the discussions or conferences between his lawyer and the county attorney served, in effect, to induce his plea of guilty to the lesser offense.

We find in this situation no coercion, duress, fraud or undue influence. Defendant was at all times permitted to exercise his own judgment. He elected to enter a plea of guilty.

The question here posed was resolved in State v. Bastedo, 253 Iowa 103, 111, 111 N.W.2d 255. See also State v. Hurd, 260 Iowa 184, 147 N.W.2d 895, 896; State v. Clark, 258 Iowa 254, 138 N.W.2d 120, 123; Kercheval v. United States, 274 U. S. 220, 223, 224, 47 S. Ct. 582, 583, 71 L. Ed. 1009; Hall & Kamisar's Modern Criminal Procedure, Second Ed., chapter 9, pages 508–548; Underhill's Criminal Evidence, Fifth Ed., section

398, page 1017; 22 C. J. S., Criminal Law, section 424, pages 1188–1202; and 21 Am. Jur.2d, Criminal Law, section 495, page 483.

According to the record, this mentally competent defendant knowingly entered a voluntary plea of guilty to a lesser offense than that charged which was accepted by the court and sentence accordingly imposed.

As this court has previously indicated, sentencing might better have been postponed until a later date. However, acceptance of the guilty plea and entry of judgment forthwith did not, under the circumstances here existing, constitute a violation of defendant's rights or privileges.

There is no basis upon which to conclude the trial court acted other than lawfully and reasonably.

II. It is also claimed the sentence is excessive.

We need not belabor this issue. It was decided adverse to defendant in State v. Kulish, 260 Iowa 138, 148 N.W.2d 428. See also State v. Hurd, supra; State v. Russell, 259 Iowa 1133, 147 N.W.2d 22, 24, 25; 24B C. J. S., Criminal Law, section 1993, page 613; and 21 Am. Jur.2d, Criminal Law, section 592, page 551.

III. The judgment entered by the trial court must be and is—Affirmed.

All JUSTICES concur.