**STATE of Iowa, Appellee,**

**v.**

**Earl VAUGHN, Appellant.**

**No. 52810.**

Supreme Court of Iowa.

June 11, 1968.

Edmund A. McGinn, Council Bluffs, for appellant.

Richard C. Turner, Atty. Gen., David A. Elderkin, Asst. Atty. Gen, and George Knoke, County Atty., Council Bluffs, for appellee.

BECKER, Justice.

Defendant pled guilty to the crime of conspiracy. He was sentenced to the State Penitentiary at Fort Madison for a period of three years. He now appeals assigning as errors: 1. The information does not charge a crime under Iowa law, and 2. The county attorney's information is not

sufficient to fully inform defendant as to the charge for which he was held to answer. We reject both arguments and affirm.

The record indicates defendant was originally charged with forgery. After some preliminary skirmishing which included withdrawl of his first court appointed counsel and appointment of present counsel, defendant pled guilty to the lesser charge of conspiracy.[1]

The county attorney's information reads: "Comes now George J. Knoke, as County Attorney of Pottawattamie County, State of Iowa, and in the name and by the authority of the State of Iowa, accusses Earl Vaughn of the crime of Conspiracy committed as follows:

"For that the said Earl Vaughn on or about the 2nd day of October, A.D., 1966, in the said County of Pottawattamie and State of Iowa, and west of the west line of Range 40, did willfully, unlawfully and feloniously conspire, agree and confederate to commit a felony, to-wit: Uttering a Forged Instrument. *All in violation of Section 719.1, 1966 Code of Iowa.*"

The minutes of evidence furnished with the information indicate evidence that the checks cashed by defendant had been stolen from Powers' Drug Store. Neither the information nor the minutes indicate who or how many co-conspirators are alleged to be part of the conspiracy. Defendant asserts this omission makes the charge fatally defective.

I.  In State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 432 we said: "A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and, of course, the right to challenge the plea itself. We have here no such invasion of fundamental constitutional rights as would

create an exception to this rule.  State v. Clark, 258 Iowa 254, 138 N.W.2d 120; 22 C.J.S. Criminal Law § 424(6), page 1198 and 21 Am.Jur.2d Criminal Law, section 495, page 483."

The defense that the information charges no offense is not tenable here.  Iowa Code, 1966, section 773.4 allows the charge to be made by using the name given to the offense by statute *or* by stating so much of the offense in either statutory or common law terms (or terms of substantially the same meaning) as is sufficient to give the court and accused notice of what offense is intended to be charged. If the charge also includes reference to the statutory section or subsection claimed to be violated, this fact may also be considered in determining the sufficiency of the charge.

Here the statutory name of the crime is given, to-wit, conspiracy; the section number is given, 719.1 and the crime alleged to be subject of consipracy is given, uttering a forged instrument. True, the permissible forms set forth at section 773.35 suggest the name of the co-conspirator be given but those forms are just that, permissible, not mandatory.

The information was legally sufficient to charge a crime and is not vulnerable to attack on grounds it does not do so.

II.  The argument that the information was not sufficient to inform the defendant as to the charge he was held to answer to is also unacceptable. Defendant had the right to move for a bill of particulars.  Under this situation such motion would undoubtedly have been good. He did not do so.  He accepted the charge as filed and pled guilty to it after careful questioning at time of plea, as well as several days later at time of sentencing. The questioning was designed to and did

---

1.  The punishment for conspiracy carries a maximum of three years; for forgery a maximum of ten years.  Both are governed by the indeterminate sentencing act.

determine the plea to be knowledgeable and voluntary. Defendant clearly waived his right to additional information by his plea. See State v. Hurd, 260 Iowa 184, 147 N.W.2d 895.

We find no error. Affirmed.

All Justices concur.