Ronald BREWER, Appellant,

v.

John E. BENNETT, Warden Iowa State
Penitentiary, Fort Madison,
Iowa, Appellee.

No. 53207.

Supreme Court of Iowa.

Oct. 15, 1968.

Ronald Brewer, pro se.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and George J. Knoke, County Atty., Council Bluffs, for appellee.

BECKER, Justice.

Petitioner Ronald Brewer is presently incarcerated at the Iowa State Penitentiary in Fort Madison. This incarceration is a result of a Pottawattamie County District Court mittimus issued December 2, 1963 following sentence to life imprisonment on his plea of guilty to second degree murder.

On December 27, 1967 Brewer filed a petition for a writ of habeas corpus in the Lee County District Court alleging his guilty plea was coerced, he was denied effective assistance of counsel and incriminating statements were obtained from him during interrogation in the absence of an attorney. Defendant asked that an attorney be appointed for his habeas corpus hearing.

On December 13, 1967 the petition for appointment of counsel was denied and Brewer represented himself at the evidentiary hearing on the petition for habeas corpus. After hearing was held on January 4, 1968 the writ was denied. Brewer has appealed.

I. It is now the law in Iowa that appointment of counsel for the evidentiary hearing on a petition for habeas corpus is in the sound discretion of the trial court "when the facts in a particular case make such appointment desirable" and it is not mandatory as the writer of this opinion urged in dissent. Larson v. Bennett, Iowa, 160 N.W.2d 303, 306; see also, Bolds v. Bennett, Iowa, 159 N.W.2d 425. While it might have been helpful to both the trial court and this court if Brewer had been represented by counsel, it can not be said the trial court abused its discretion under the principles laid down in the foregoing cases when it refused to appoint counsel for the evidentiary hearing. Cf. Roach v. Bennett, 392 F.2d 743, 748–749, 8 Cir. (1968).

II. Petitioner contends that after he had given himself up to the Council Bluffs police, incriminating statements were obtained from him in the absence of an attorney. Defendant pleaded guilty to the charge and did not stand trial. The conviction is not based upon illegally obtained evidence but upon a plea of guilty after extended consultation with counsel, one court appointed and one of his own choosing. State v. Delano, Iowa, 161 N.W.2d 66, filed September 5, 1968 is the latest of several recent cases to examine a similar contention made after a plea of guilty: " 'A plea of guilty freely and voluntarily entered in open court is a waiver of trial and defense and a submission without contest. It waives all defenses except that the indictment or information charges no offense, and of course, the right to challenge the plea itself.' State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 432, and citations. This statement was cited with approval in State v. Ellenburg, 260 Iowa 1224, 149 N.W.2d 122, 123, citing further authorities. * * *.

"As the plea itself provides the basis for conviction, no evidence need be introduced and right to trial free of evidence illegally obtained is forfeited. Hawkins v. State, 26 Wis.2d 443, 132 N.W.2d

545, 547–548; Reed v. Henderson (6 Cir.), 385 F.2 d995, 996." State v. Vaughn, Iowa, 159 N.W.2d 447; State v. Kulish, 260 Iowa 138, 148 N.W.2d 428; State v. Clark, 258 Iowa 254, 138 N.W.2d 120.

■ III. Defendant asserts he was incompetent to plead guilty "as a result of severe depression combined with psychological pressure and sustained brain washing and persuasion of guilt." No evidence is offered except these bare assertions and conclusions.

His material allegations are denied by the other witnesses. Defendant was represented by Mr. King (by court appointment) and Mr. Abracht (his family lawyer, retained by the family). His point is that these lawyers conspired with the authorities to coerce and pressure a guilty plea from him. The only real pressure claimed is that growing out of a danger of being found guilty of a greater offense and consequent plea of guilty to the lesser offense, discussed infra. We find no evidence tending to show defendant was any more depressed than any other person who recently committed murder. Nor is there any real evidence of undue pressure or coercion.

IV. Defendant also asserts the following circumstances:

An open charge of murder was set for trial early in December of 1963 and he was told that it would not be wise to go to trial because, so soon after the assassination of President Kennedy, a jury would be sure to convict him of first degree murder and he could hang.

■■ Assuming defendant's statements to be true, a plea of guilty is not rendered involuntary by the fact it was partly induced by the possibility a more serious charge might be prosecuted. Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771; State v. Lampson, 260 Iowa 806, 149 N.W.2d 116, 121–22, cert. denied, 390 U.S. 962, 88 S.Ct.

1065, 19 L.Ed.2d 1160. An involuntary or coerced plea will not support a judgment and sentence. Herold v. Haugh, 259 Iowa 667, 145 N.W.2d 657, 658; State v. Bastedo, 253 Iowa 103, 106–109, 111 N.W.2d 255, 256–258.

■ Petitioner here, after due deliberation and consultation with his attorneys, pleaded guilty to a lesser included offense in open court. The trial court properly concluded, "The record is void of any coercion, and this court finds that none existed." From our own examination of the record, we agree.

■ V. Brewer also contends that he had ineffective counsel. Inadequacy of appointed counsel is a jurisdictional defect and is properly raised in habeas corpus. Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771; Birk v. Bennett, 258 Iowa 1016, 1019, 141 N.W.2d 576, 578; Buteaux v. Bennett, 256 Iowa 1068, 1071, 129 N.W.2d 651, 653. The test of inadequate counsel is set out in Parrott v. Haugh, Iowa, 158 N.W.2d 766, 771; Ashby v. Haugh, 260 Iowa 1047, 152 N.W.2d 228, 233, cert. denied, 389 U.S. 1056, 88 S.Ct. 809, 19 L.Ed.2d 855; State v. Wesson, 260 Iowa 331, 149 N.W.2d 190, 195.

■ No inadequacy on the part of the two attorneys appears here. They consulted with Brewer on several occasions and represented him at all stages of the proceedings. The trial court's conclusion is apposite:

"It should be noted that the evidence taken at the hearing before the court on December 2 shows, in the opinion of the court, facts constituting cold-blooded murder, and the probability of plaintiff's having been convicted of first degree murder was more than a mere possibility, so that this court is of the opinion his attorneys' advice to the plaintiff to plead guilty to second degree murder was not only good sound legal advice, but made in the best interest

of the plaintiff and in accord with sound legal counsel."

Again, from our independent examination of the record, which includes sworn eyewitness testimony taken at a hearing to determine the severity of the sentence, we agree.

The case is affirmed.

All Justices concur, except RAWLINGS, J., who dissents.

RAWLINGS, Justice (dissenting).

I am unable to agree with conclusions reached in Division I of majority opinion, therefore respectfully dissent. In support hereof see dissent in Larson v. Bennett, Iowa, 160 N.W.2d 303, 309.