**STATE of Iowa, Appellee,**

**v.**

**Lloyd U. ROBINSON, Appellant.**

**No. 52905.**

Supreme Court of Iowa.

March 11, 1969.

Gene L. Needles, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., James C. Sell, Asst. Atty. Gen., and Ray A. Fenton, County Atty., for appellee.

BECKER, Justice.

Defendant was charged with breaking and entering and with being an habitual criminal. He was first tried before a jury for breaking and entering and was then tried before a different jury on the habitual criminal charge. A guilty verdict was returned on both charges. Defendant was sentenced to 25 years in the state penitentiary at Fort Madison and now appeals.

I. The first two errors deal entirely with procedural matters occasioned by the habitual criminal charge and will be disposed of before consideration of the evidence in the case. While recidivist statutes have long been with us our present procedure for determining whether defendant is an habitual criminal, as defined by our statutes, is fairly new. Section 773.3, Code of Iowa, 1966 reads: "Allegations of prior convictions. If the offense charged is one for which the defendant if convicted, will be subject by reason of the Code, to an increased penalty because of prior convictions, the allegation of such convictions, if any, shall be contained in the indictment. A supplemental indictment shall be prepared for the purpose of trial of the facts of the current offense only, and shall satisfy all pertinent requirements of the Code, except that it shall make no mention, directly or indirectly, of the allegation of the prior convictions, and shall be the only indictment read or otherwise presented to the jury prior to conviction of the current offense. The effect of this section shall be to alter the procedure for trying, in one criminal proceeding, the offenses appropri-

ate to its provisions, and not to alter in any manner the basic elements of an offense as provided by law."

Section 773.3 was added to the Code by the legislature at the 1965 session. For reasons to be noted it specified a distinct change in the method of charging and trying a defendant as an habitual criminal.

■ The two informations filed by the State here were not in literal compliance with the statute. The statute directs use of a complete information, *including* the habitual criminal allegations, to inform the defendant of the charge; and use of a shortened information *excluding* the habitual criminal allegations, to inform the jury of the main charge against defendant at time of trial. Here the State filed a proper information charging breaking and entering but did not add the habitual criminal charge. *At the same time* the State filed an information charging defendant as an habitual criminal. The second information did not refer to the breaking and entering charge.

■ We are satisfied defendant and his counsel were not mislead. The filing of the two informations at the same time, involving correlative factors of the same prosecution, could not be construed as an attempt to charge two different crimes. We have repeatedly held an allegation of prior conviction does not create a separate crime but is made only for the purpose of the penalty imposed. State v. Eichler, 248 Iowa 1267, 1273, 83 N.W.2d 576 and citations.

Election to proceed by information plus the use of two informations in the manner described resulted in some confusion by the court clerk in numbering the various files. Neither this numbering confusion nor the word "supplemental" added to the breaking and entering charge made any difference in the merits of the case or in accomplishment of a fair trial.

The habitual criminal information would have been subject to timely demurrer un-

der section 777.2, Code, 1966 which reads: "Grounds of demurrer. The defendant may demur to the indictment when it appears upon its face, either: (1) That it does not substantially conform to the requirements of this code, or (2) That the indictment contains matter which, if true, would constitute a legal defense or bar to the prosecution." Had the demurrer been timely filed the State could have amended either one or both of the two informations so as to literally comply with the procedure outlined in section 773.3. This right to amendment is recognized in State v. Houston, Iowa, 158 N.W.2d 158, 160 and citations.

Defendant filed no demurrer prior to entering a plea of not guilty to the breaking and entering charge but elected to wait to file the demurrer to the habitual criminal charge after being found guilty of breaking and entering and before the trial on the habitual criminal charge. Section 777.-3 of our Code reads: "Failure to demur—waiver. All objections to the indictment relating to matters of substance and form which might be raised by demurrer shall be deemed waived if not so raised by the defendant before the jury is sworn on the trial of the case."

Two quotations from State v. Gute, 252 Iowa 294, 296, 297, 106 N.W.2d 417, 418 are apt here: "In this connection it will be observed section 769.12, Code of Iowa, 1958, I.C.A. provides that statutes applicable to indictments shall, as nearly as may be, apply to county attorney's informations. Code section 777.2 authorizes a demurrer to an indictment when it appears upon its face that it does not substantially conform to the requirements of the Code. Section 777.3 provides all objections to the indictment relating to matters of substance and form, which might be raised by demurrer shall be deemed waived if not so raised before the trial jury is sworn. * * *.

"We are satisfied the rule is here applicable and that appellant may not now complain of the substance or form of the county attorney's information."

II. We think the result reached in Division I is correct not only from an examination of the interrelationship of the Code sections cited but also because of the evident purpose of our new Code section 773.-3, State v. Bishop, 257 Iowa 336, 340, 132 N.W.2d 455.

■ Monroe Com. Sch. Dist. v. Marion Co. Bd., 251 Iowa 992, 998, 103 N.W.2d 746, 749 states: "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it."

Prior to the enactment of section 773.3 all indictments and informations charging defendants with conviction of prior offenses recited the prior offenses as part of the charges. Under our procedure these charges were read to the jury in full. The jury was thus immediately informed of defendant's prior criminal record although such evidence would be otherwise inadmissible except for impeachment purposes. This procedure was attacked in State v. Griffin, 257 Iowa 852, 853, 855, 135 N.W.2d 77, 78: " * * *. It is contended reading the information including the prior convictions at the commencement of the prosecution destroys the impartiality of the jury to such an extent defendant is denied due process under the federal constitution. And, that in such manner defendant's character and previous criminal record are placed in issue at the outset of the trial in violation of the rule that defendant's reputation may not be placed in issue until such time as it is raised by the defendant himself. * * *.

"A majority of the members of this court are of the opinion the proposed procedural change, while meritorious and representing the modern view on proper procedure in these cases, should not be made by us while the General Assembly is considering corrective legislation similar to that adopted by statute in a number of states. This view is based not only on the General Assembly's present consideration of the problem but because a question of denial of due process is not reached."

In so holding this court refused to follow Lane v. Warden, Maryland Penitentiary (4 Cir. 1963), 320 F.2d 179 which held such procedure constitutes a denial of due process. But the validity of the argument was recognized and the opinion makes it clear we would wait to see if corrective legislation would be adopted.

The legislature passed the bill referred to above which became section 773.3 and provided the procedure to be used. The purpose of the statute was satisfied here; and defendant had a jury trial on the principal charge without reference to his former convictions. In the absence of a timely demurrer raising the shortcomings now urged, we find no reversible error.

■ III. Another error assigned by defendant was the court's failure to direct a verdict in his favor on the grounds there was insufficient evidence to connect defendant with the crime. When we review the record on this assignment we view the evidence in the light most favorable to the State. State v. McClelland, Iowa, 162 N.W. 2d 457, 461.

The evidence justifies the following findings by the jury. Defendant was seen running away from the vicinity of the breakin at 5:25 A.M., carrying a bag or sack; he escaped in a car not registered to him but he had the registration in his pocket when apprehended shortly thereafter; he was identified as the driver and sole occupant of the car in which he escaped; the shop owners testified the shop had been broken into and merchandise taken therefrom; at least some of the merchandise was identified as part of the contents of the car previously mentioned.

■ Defendant's primary complaints are that the TV sets, the car and the shop premises were not dusted for fingerprints

and matched with defendant's prints; the identifying witnesses said defendant was wearing a turtleneck sweater at the time of arrest but only one remembered such a sweater when they saw him earlier; the bag defendant was supposed to be carrying when he was first seen was not produced; it was dark at the time defendant was observed and identification would be difficult despite the street lights in the area. Defendant claims there were several breaks in the chain of circumstances and evidence serious enough to create a reasonable doubt as a matter of law. We do not agree nor do we find extended discussion to be necessary. The weight of the testimony is for the jury. (State v. McClelland, supra.) The State's evidence was clearly sufficient to generate a jury question on the issue of guilt.

IV. Defendant also complains of a comment made by the court during trial. The State offered in evidence a map of the city of Des Moines on which the officer witnesses had indicated their routes in pursuing and finally apprehending defendant. The objection and remark of the court will be set out in full:

"MR. NEEDLES: The defendant would object to the introduction of what has been marked State's Exhibit 'A' for the reason it's incompetent, irrelevant and immaterial and it has some writings on it that were not done by the witnesses, but only agreed to, marked on by the State's County Attorney and agreed to by the witnesses, and it's not an accurate portrayal of the area it's supposed to represent. For that reason it's incompetent, irrelevant and immaterial and hearsay to this defendant.

"THE COURT: Mr. Needles, could you point out to the Court how the defendant is prejudiced by any errors or by the exhibit which is not representative of the area; that is, as to the graph or map itself?

"MR. NEEDLES: The map itself does not represent, show the alley where a car was supposed to be marked. It does not purport to connect up the activities of this defendant, but merely shows excerpts of where he was supposed to have been; does not indicate on the map itself the times when he was supposed to have been at this place or at any other place. That's about it, Your Honor.

"THE COURT: Well, it will be the ruling of the Court that State's Exhibit 'A' may be admitted. The defendant's objection is overruled."

■ Defendant urges the above exchange indicated to the jury the weight the court placed on the exhibit thus violating the rule that a judge is not allowed to express himself regarding the fact, citing State v. Shearer, 206 Iowa 397, 220 N.W. 13. We do not read the exchange in the manner urged by defendant. The question of the court could be construed as giving a reason for its ruling, or the question could be construed as an invitation to counsel to enlarge on the objection made so that the court would not overlook any possible reason for excluding the objection. This latter construction seems the more reasonable. Under neither construction can we say the court's question constituted prejudicial error. We recently held in State v. Fiedler, 260 Iowa 1198, 152 N.W.2d 236, 240: "In this jurisdiction a court cannot comment on the facts. State v. Shearer, 206 Iowa 397, 404, 220 N.W. 13.

"However remarks by a trial judge while ruling on objections as to admissibility of evidence, cannot be held erroneous provided they are not unfair and prejudicial to the accused." (cases cited.)

We find no cause for reversal. Affirmed.

All Justices concur.