STATE of Iowa, Appellee,

v.

Harry John CULBERT, Appellant.

No. 54354.

Supreme Court of Iowa.

June 17, 1971.

Walter W. Rothschild, Waterloo, for appellant.

Richard C. Turner, Atty. Gen., Max A. Gors, Asst. Atty. Gen., and David Dutton, County Atty., Waterloo, for appellee.

REES, Justice.

Defendant was charged by county attorney's information with the crime of lascivious acts with a child. He entered a plea of guilty and was sentenced to the Men's Reformatory for a period of not to exceed three years, and now appeals. We affirm.

The information was filed on February 16, 1970. Prior to its filing and on February 13, 1970 defendant made two separate statements in which he admitted having committed certain lascivious acts with a child. A motion to suppress the statements was filed by the defendant, and after a full hearing the first of the two statements was suppressed and the motion insofar as it relates to the second statement was overruled. Both statements were taken the same date, one at 3:38 p.m., and one at 4:05 p.m. While the second statement is more detailed, substantially the same inculpatory admissions were made in both.

Defendant assigns and relies upon the following errors: (1) That defendant has the right to raise the voluntariness of his confession despite the fact that he has entered a guilty plea. (2) The court erred in overruling defendant's request for mental evaluation. (3) The court erred in failing to order defendant's second confession sup-

pressed in view of the suppression of the first.

The record discloses that at the time the plea of guilty was entered, at which time the defendant was represented by counsel, an extensive dialogue ensued between court and defendant. We have reviewed the record and conclude defendant entered his plea of guilty voluntarily and understandingly. He indicated he understood the nature of the charge made against him, that he had a right to a trial by jury and that upon his plea of guilty he was waiving his right to be tried to a jury, he understood the sentence which could be imposed against him, both minimum and maximum and indicated to the court his plea of guilty was not the result of any threat, promise, or force of any kind. It appears defendant was unable to read and write, except for his own name.

I. The error assigned relative to the trial court's overruling defendant's request for a mental evaluation is consequent to an oral request made by defendant's counsel for the entry of an order directing defendant to be taken to Mental Health Institute, Independence, Iowa, for evaluation and such treatment as might be found necessary prior to further proceedings being had. The oral application was overruled on March 18, 1970. The entry of the plea of guilty was on April 17, 1970, on which date the court accepted the plea of guilty and ordered a pre-sentence investigation to be made. Sentence was imposed on April 30.

The entry of the plea of guilty by the defendant voluntarily and intelligently made constitutes an admission of guilt, and when accepted by the court further constitutes a conviction or equivalent of a conviction of the highest order. The record discloses the defendant had been fully advised of his constitutional rights and of the consequences of his guilty plea. Such a plea of guilty waives all defenses except that the indictment or information charges no offense and, of course, the right to challenge the plea itself. State v. Kulish, 260 Iowa 138, 148 N.W.2d 428, 432, and citations; State v. Ellenburg, 260 Iowa 1224, 149 N.W.2d 122, 123; State v. Delano (Iowa), 161 N.W.2d 66, 72.

II. We perceive no merit in any of the assignments asserted by defendant. The cases above referred to fully answer all questions presented by this appeal, and we consequently affirm the trial court.

Affirmed.

All Justices concur.