STATE of Iowa, Appellee,

v.

Patrick RODGERS, Appellant.

No. 96–20.

Supreme Court of Iowa.

March 26, 1997.

Thomas P. Frerichs of Frerichs Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Kim Griffith, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and CARTER, SNELL, ANDREASEN, and TERNUS, JJ.

CARTER, Justice.

In October 1995 the defendant, Patrick Rodgers, pleaded guilty to several violations of the Iowa Controlled Substances Act, Iowa Code ch. 124 (1995), one of which was possession of methamphetamine with intent to deliver, a class "C" felony. Iowa Code § 124.401(1)(c). The base sentence for class "C" felonies is an indeterminate term of confinement not to exceed ten years. *Id.* § 902.9(3). Because the defendant was in immediate possession of a firearm (a twenty-

gauge shotgun), the district court was required to double the sentence. *Id.* § 124.401(1)(e). Because this was the defendant's second violation of chapter 124, the district court applied an additional enhancement based on section 124.411 and doubled the sentence again. *Id.* § 124.411. The net result was a forty-year indeterminate sentence subject to a one-third mandatory minimum. *Id.* § 124.413.

██ Defendant appeals, alleging that the district court misapplied the applicable sentencing scheme. He does not contest the underlying conviction. When a district court's application of statutes is challenged, we review for the correction of errors at law. *State v. Blakley*, 534 N.W.2d 645, 647 (Iowa 1995). After considering the arguments of counsel and reviewing the authorities cited, we find no error and affirm the district court.

### I. *The Statutory Scheme at Issue.*

██ We set out the pertinent statutes in their entirety. The firearms enhancement section states:

> A person in the immediate possession or control of a firearm while participating in a violation of this subsection shall be sentenced to two times the term otherwise imposed by law, and no such judgment, sentence, or part thereof shall be deferred or suspended.

Iowa Code § 124.401(1)(e). The repeat-offender enhancement section provides:

> Any person convicted of a second or subsequent offense under this chapter, may be punished by imprisonment for a period not to exceed three times the term otherwise authorized, or fined not more than three times the amount otherwise authorized, or punished by both such imprisonment and fine.

*Id.* § 124.411(1). We are to apply these statutes according to their terms. Only when a statute is ambiguous may we resort to rules of statutory construction. *Consolidated Freightways Corp. v. Nicholas*, 258 Iowa 115, 120, 137 N.W.2d 900, 904 (1965). A statute is ambiguous if it is susceptible to more than one reasonable meaning. *Holiday Inns*

*Franchising, Inc. v. Branstad*, 537 N.W.2d 724, 728 (Iowa 1995).

### II. *Interaction Between the Two Enhancement Sections.*

██ The defendant argues that the trial court could apply either the firearms enhancement or the repeat-offender enhancement, but not both. His argument is contrary to the plain language of the statutes. First, it must be recognized that the immediate possession of a firearm enhancement is mandatory. Defendant's sentence "shall be doubled." Iowa Code § 124.401(1)(e). "Shall" indicates a duty. *Id.* § 4.1(30)(a). This word choice by the legislature is inconsistent with the defendant's argument that the court was to pick between the two enhancement statutes. It must also be recognized that the language of the repeat-offender statute gives the district court the power to increase the sentence "otherwise provided." *Id.* § 124.411(1). "Otherwise provided" is broad language that, in our view, allows the enhancement of a mandatorily doubled sentence under section 124.401(1)(e).

### III. *Limits of the Trial Court's Discretion Under Iowa Code Section 124.411(1).*

The defendant also argues that, if both enhancements apply, the district court misapplied section 124.411(1). According to the defendant, the district court was put to an all-or-nothing choice when sentencing a repeat offender: either triple the sentence otherwise provided or give no enhanced sentence. Because the language in section 124.411(1) is similar to language contained in our indeterminate sentence statute, Iowa Code § 902.3, there is some textual support for defendant's argument.

At the sentencing hearing, both the State and the defendant assumed that the court, if it chose to enhance the sentence, must triple it. During argument, the court inquired: "It is correct, isn't it, that it could be doubled? It doesn't have to be tripled." The court later concluded: "I don't view it as all-or-nothing, twenty or sixty. I believe I can double the twenty years to forty."

■ The repeat-offender statute states that the district court may increase the defendant's prison term to "a period *not to exceed* three times the term otherwise authorized." Iowa Code § 124.411(1) (emphasis added). This language is quite similar to our indeterminate sentencing statute, which reads:

> When a judgment of conviction of a felony other than a class "A" felony is entered against the person, the court, in imposing a sentence of confinement, shall commit the person into the custody of the director of the Iowa department of corrections for an indeterminate term, *the maximum length of which shall not exceed* the limits as fixed by section 707.3 or section 902.9 nor shall the term be less than the minimum term imposed by law, if a minimum sentence is provided.

*Id.* (emphasis added). Under the general indeterminate sentencing statute, a sentencing judge must impose an indeterminate sentence for the full statutory maximum. *State v. Kulish*, 260 Iowa 138, 145, 148 N.W.2d 428, 433 (1967). We therefore must decide if the language "not to exceed three times the term otherwise authorized" invokes traditional indeterminate sentencing principles or authorizes a judge to impose an enhanced indeterminate sentence that is less than three times the sentence otherwise imposed.

■ Under the other enhancement provision of section 124.411(1), the district court may increase a fine by "not more than three times the amount otherwise authorized." Regarding the enhancement of fines, the legislature selected words indicating the upper limits of the range of discretion, not an either/or choice. Because the legislature granted the trial court a spectrum of discretion in setting the amount of the enhanced fine, we conclude that it intended the same result for the term-of-confinement enhancement appearing in the same Code section.

*See Wright v. State Bd. of Eng'g Exam'rs*, 250 N.W.2d 412, 413 (Iowa 1977) (stating that "the meaning of a word is ascertained in the light of the meaning of the words with which it is associated").

We find further support for our conclusion in the Uniform Controlled Substances Act, the source for Code chapter 124. The Uniform Act's repeat-offender section provides that the trial court may sentence the defendant to "a term of up to twice the term otherwise authorized." Uniform Controlled Substances Act § 408(a), 9 [pt. II] U.L.A. 607 (1988). The Uniform Act gives the sentencing judge a range of discretion. When considering the meaning of chapter 124, we shall construe it with an eye toward uniform application among the several states that have adopted the Uniform Controlled Substances Act. Iowa Code § 124.601. We view Iowa's varying language as a technical difference designed to account for indeterminate sentencing, not a substantive change in the law.[1]

## IV. *The Mandatory Minimum.*

■ The mandatory minimum section reads, in pertinent part:

> A person sentenced pursuant to section 124.401, subsection 1, paragraph ... "*e*", ... shall not be eligible for parole until the person has served a minimum period of confinement of one-third of the maximum indeterminate sentence prescribed by law.

Iowa Code § 124.413. Defendant reasons that section 124.413 cannot apply to sentences enhanced by section 124.411(1) because section 124.413 does not explicitly refer to the repeat-offender provision. We have previously rejected this contention in *State v. Bumpus*, 459 N.W.2d 619, 626–27 (Iowa 1990), and *State v. Byers*, 456 N.W.2d 917, 919 (Iowa 1990). The sentencing judge correctly applied the mandatory minimum sentence provisions contained in section 124.413.

Apparently, only one other court has considered this question arising under a statute derived from the Uniform Controlled Substances Act's repeat-offender provision. In *State v. Flynn*, the Tennessee Court of Criminal Appeals held that sentencing judge had no choice, aside from doubling the term of imprisonment. 675 S.W.2d 495 (Tenn.Crim.App.1984). The statute

read, in part, "may be imprisoned for a term of twice that otherwise authorized." *Id.* at 498 (citing Tenn.Code Ann. § 39-6-419 (1981)). In 1972 the Tennessee legislature deleted "up to" from the statute, eliminating the trial court's discretion. 1972 Tenn. Pub. Acts ch. 597, § 12. The statute so differs from our own that the *Flynn* decision has little authoritative weight.

### V. *Disposition.*

We conclude that the district court correctly applied the various sentencing statutes that applied to the defendant's situation. The sentence imposed conforms to the law. We have considered all issues presented and conclude that the judgment must be affirmed.

**AFFIRMED.**