**In re BISYS GROUP INC. DERIVATIVE ACTION.**

**This document relates to: All Cases.**

**No. 04 CIV. 4600(LAK).**

United States District Court, S.D. New York.

Oct. 31, 2005.

Antonio Vozzolo, Beth Ann Keller, Nadeem Faruqi, Faruqi & Faruqi, LLP, New York City, Marc M. Umeda, Robbins, Umeda & Fink, LLP, San Diego, CA, for Plaintiff.

Thomas J. Kavaler, Cahill, Gordon & Reindel LLP, Elizabeth Anne Hellmann, Skaddden, Arps, Slate, Meagher & Flom LLP (N.Y.C), New York City, for Defendants.

**MEMORANDUM AND ORDER**

KAPLAN, District Judge.

On August 10, 2004, The BISYS Group, Inc. restated its financial results for the

fiscal years 2001 through 2003 and the first two quarters of 2004. Predictably, this led to the filing of class actions and these derivative suits.[1] Plaintiffs here sue derivatively on behalf of BISYS for alleged violation of Section 304 of the Sarbanes–Oxley Act of 2002, 15 U.S.C. § 7243, and on various state law theories. Defendants move to dismiss the consolidated derivative complaint on a variety of grounds but the Court finds it necessary to address only one.

The sole basis of federal jurisdiction here is the existence of the claim under Sarbanes–Oxley. Jurisdiction over all of the other claims rest on the principle of supplemental jurisdiction and would vanish were the Sarbanes–Oxley claim dismissed in advance of trial, as defendants argue should be done.

Section 304 requires the chief executive and financial officers of covered issuers to reimburse the issuer for certain compensation received by them "[i]f [the] issuer is required to prepare an accounting restatement due to the material noncompliance of the issuer, as a result of misconduct, with any financial requirement under the securities laws ..." The Act does not expressly create a private cause of action in favor of the issuer or, for that matter, anyone else. As plaintiffs concede, there is nothing in the legislative history to suggest an intention to create a private right of action.[2] In fact, the legislative history suggests strongly that Congress intended that Section 304 be enforced only by the Securities and Exchange Commission. *Neer v. Pelino*, 389 F.Supp.2d 648 (E.D.Pa.2005). This stands in sharp contrast to Section 306, which expressly creates a private

cause of action to recover profits by officers and directors from insider trading during pension fund blackout periods. 15 U.S.C. § 7244(a)(2). Thus, the omission in Section 304 appears to have been quite deliberate.

■ The principles governing the inference of private rights of action are well known. *See, e.g., Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613, 618–20 (2d Cir.2002). This Court holds that there is no private right of action under Section 304 of Sarbanes–Oxley, substantially for the reasons stated in *Neer*. The question whether creation of a private right of action under Section 304 might have been a good idea is for Congress, which alone is charged with making the close judgments and sometimes messy compromises inherent in the legislative process.

■ As the Sarbanes–Oxley cause of action fails to state a claim upon which relief be granted, there is no basis for subject matter jurisdiction over plaintiffs' state law claims. Accordingly, the motion to dismiss the consolidated derivative complaint is granted. The dismissal is on the merits with respect to the Sarbanes–Oxley claim and for want of subject matter jurisdiction over the others.

SO ORDERED.

---

1. The general factual scenario is set out in the Court's decision on the motions to dismiss the class actions. *In re BISYS Secur. Litig.*, 397 F.Supp.2d 430, 2005 WL 2844792 (S.D.N.Y. 2005).

2. Pl. Mem. 22 ("the legislative history is silent").