# IN THE COURT OF APPEALS OF IOWA

No. 22-0512
Filed November 17, 2022

**STATE OF IOWA,**
 Plaintiff-Appellee,

**vs.**

**BENNIE LEE CUNNINGHAM,**
 Defendant-Appellant.
_____

 Appeal from the Iowa District Court for Scott County, Jeffrey D. Bert, Judge.


 Bennie Cunningham appeals the sentence imposed following his guilty plea. **AFFIRMED.**


 Pamela Wingert of Wingert Law Office, Spirit Lake, for appellant.

 Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.


 Considered by Ahlers, P.J., and Badding and Chicchelly, JJ.

**AHLERS, Presiding Judge.**

Facing multiple criminal charges, Bennie Cunningham entered a plea agreement with the State. Pursuant to the agreement, Cunningham pleaded guilty to three counts and was sentenced. On appeal, he challenges only the indeterminate five-year sentence imposed for his conviction as a felon in possession of a firearm, a class "D" felony.[1]

"Our review of a sentence imposed in a criminal case is for correction of errors at law." *Damme*, 944 N.W.2d at 103 (citation omitted). When a district court imposes a sentence within the statutory parameters, we assume it is valid. *State v. Hopkins*, 860 N.W.2d 550, 554 (Iowa 2015). When the challenged sentence is within the statutory limits provided by law, we review for an abuse of discretion. *State v. Headley*, 926 N.W.2d 545, 549 (Iowa 2019). An abuse of discretion is found where "the district court exercises its discretion on grounds or for reasons that were clearly untenable or unreasonable." *Id.* (quoting *State v. Thompson*, 856 N.W.2d 915, 918 (Iowa 2014)).

Cunningham acknowledges that the sentence he received is within statutory limits. Nevertheless, he claims the district court abused its discretion in imposing an indeterminate five-year prison term rather than sentencing him to "time served," as Cunningham had already spent 693 days in jail at the time he was sentenced. We reject his challenge because the district court did not abuse

---

[1] We have jurisdiction to decide this appeal even though Cunningham pleaded guilty because Cunningham only challenges his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding that, pursuant to Iowa Code section 814.6(1)(a)(3) (2019), there is good cause to appeal "following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea").

its discretion and Iowa law does not permit the sentencing option requested by Cunningham.

The district court is only permitted to impose a sentence authorized by statute.  *State v. Wieneke*, No. 20-0126, 2021 WL 219222, at *1 (Iowa 2021).  The specified terms of confinement for felony offenses are indeterminate terms.  *State v. Rodgers*, 560 N.W.2d 585, 585 (Iowa 1997) ("The base sentence for class 'C' felonies is an indeterminate term of confinement not to exceed ten years.").  Iowa Code section 902.9(1)(e) (2021) requires those convicted of a class "D" felony, not as a habitual offender, like Cunningham, be sentenced to an indeterminate term of "no more than five years."  A sentencing judge imposing an indeterminate sentence must impose the full statutory maximum.  *State v. Stephenson*, 608 N.W.2d 778, 784 (Iowa 2000).  So, once the district court decided to impose a term of incarceration rather than suspending it, the court's only choice was to impose the indeterminate five-year term.  The court did not have the option of imposing some lesser sentence, such as the "time served" term of incarceration suggested by Cunningham.  *See id.* (finding a sentence imposing an eighteen-month term of incarceration for an aggravated misdemeanor to be an illegal sentence because the maximum indeterminate term is two years).

Likewise, the district court was not permitted to suspend a portion of Cunningham's sentence so that the only time he had to serve was the amount of time already served—for example, five years with all but 693 days suspended.  To be sure, the district court had the option to suspend Cunningham's sentence in its entirety.  *See* Iowa Code § 907.3(3).  It did not, however, have the option of suspending only part of the indeterminate term required to be imposed.  *See*

*Wieneke*, 2021 WL 219222, at *2 (holding that the court is not permitted to suspend only a part of an indeterminate sentence).

Cunningham raises no other challenges to his sentence. As the court had no authority to impose the illegal sentences requested by Cunningham and Cunningham points to no other sentencing errors, we find no abuse of the district court's discretion and affirm.

**AFFIRMED.**